UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES HAIRSTON, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 3:24-CV-3119-X |
| AMGUARD INSURANCE COMPANY, | § § § | |
| *Defendant.* | § § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant AmGuard Insurance Company's (AmGuard) motion for summary judgment. Having considered the briefings and the applicable law, the Court **DENIES** the motion.

### I.  Background

This case is about insurance coverage dispute. AmGuard issued a homeowner insurance policy (Policy) to James Hairston for his house in Dallas. Hairston reported property damage after a February 17, 2021 freeze and pipe burst. On February 7, 2022, AmGuard invoked the appraisal clause of the Policy and an appraisal award was issued on October 18, 2022, issuing an amount above what AmGuard had previously paid. AmGuard informed Hairston that it intended to pay the award on November 23, 2022 and sent a check for the amount based on the appraisal award on November 28, 2022. Hairston—continuing to contest the damage amount and coverage issues—did not cash the check. Hairston filed this lawsuit on October 18, 2024, two years from the date of the appraisal award.

1

## II. Legal Standard

Summary judgment is appropriate only if, viewing the evidence in the light most favorable to the non-moving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] "A fact is material if it 'might affect the outcome of the suit'" and "[a] factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[2] Courts "resolve factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[3]

## III. Analysis

AmGuard raises three arguments for summary judgment. First, AmGuard argues that Hairston's suit was filed after the contractual limitations period. Second, AmGuard contends that payment of the arbitration award estops Hairston's claims. Third, AmGuard argues for dismissal of the common-law claim for bad faith because there is at most a *bona fide* coverage dispute. For the reasons explained herein, the Court only dismisses the bad-faith claim.

---

[1] FED. R. CIV. P. 56(a).

[2] *Thomas v. Tregre*, 913 F.3d 458, 462 (5th Cir. 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[3] *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (cleaned up).

### A.   Limitations Period

The Policy contracts for a two-year-and-one-day limitations period.[4] In Texas, "[l]imitations begin to run on an insurance policy when the loss is denied."[5] AmGuard argues that it first unambiguously denied Hairston's insurance claim on July 21, 2021. But the evidence AmGuard cites is hardly unambiguous. While the email mentions items AmGuard excluded because it did not consider the damage related to the burst pipe, the same email also says that AmGuard is "in the process of reviewing the . . . claim."[6] Thus, the Court cannot say that as a matter of law the claim accrued on July 21, 2021.

Thereafter, AmGuard invoked appraisal under the contract when the parties could not agree on the loss amount and coverage. A reasonable jury could determine the first unambiguous denial of the claim was 1) the end of appraisal, 2) when notice of the intent to pay the appraisal amount was sent, or 3) the reception of payment for the arbitration award. But even the first of these potentially unambiguous denials was within the limitations period. Thus, the Court denies this ground for summary judgment.

### B.   Estoppel

Next, AmGuard's estoppel argument is futile. Under Texas law, mere issuance of an appraisal award does not bar a breach of contract claim against an insurer.[7]

---

[4] *See* Doc. 17-1 at 51. Two years and one day is an enforceable contractual limitations period because it is longer than two years. *See* TEX. CIV. PRAC. & REM. CODE § 16.070(a).

[5] *Willoughby v. Metro Lloyds Ins. Co. of Tex.*, 548 F. App'x 121, 123 (5th Cir. 2013)

[6] Doc. 17-1 at 105.

[7] *Randel v. Travelers Lloyds of Tex. Ins.*, 9 F.4th 264, 267 (5th Cir. 2021).

Payment and acceptance of the award are required to trigger estoppel.[8] Hairston has not accepted the payment of the appraisal value, evidenced by this lawsuit and his failure to deposit the AmGuard's check. Although appraisal clauses resolve disputes between policyholders and insurers about the amount of loss for a covered claim,[9] appraisal does not decide the issues of coverage or causation.[10] AmGuard's own evidence is conclusive that there is a major dispute between the parties in not only the amount owed but the extent of damage the burst pipe caused. And Hairston's deadline for his own motion for summary judgment or to seek relief from the appraisal award has not yet passed.[11] Thus, the Court cannot grant summary judgment on this basis.

Similarly, because resolution of the Prompt Payment Act claim depends on the disposition of the breach of contract claim—both as to the amount and the timing—the Court cannot grant summary judgment on this claim.

### C.   Bad-Faith Claim

That said, AmGuard is entitled to summary judgment on the bad-faith claim because the dispute is a *bona fide* coverage dispute. Insurance companies have a duty to deal fairly and in good faith with an insured in the processing of claims.[12] But under Texas law, "[e]vidence establishing only a bona fide coverage dispute does not

---

[8] *Id.*

[9] *In re Universal Underwriters of Tex. Ins.*, 345 S.W.3d 404, 406–07 (Tex. 2011).

[10] *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 133 (Tex. 2019).

[11] Hairston's response mentions seeking relief from the appraisal award, which is permissible in rare circumstances, but no motion has been filed. *See* Doc. 23 at 5.

[12] *Arnold v. Nat'l Cnty. Mut. Fire Ins.*, 725 S.W.2d 165, 167 (Tex. 1987).

4

demonstrate bad faith."[13]  So "[a]s long as the insurer has a reasonable basis to deny or delay payment of a claim, even if that basis is eventually determined by the fact finder to be erroneous, the insurer is not liable for the tort of bad faith."[14]

AmGuard seeks dismissal, arguing that the claim amounts to a *bona fide* coverage dispute, and presents evidence that the damage was caused by pre-loss conditions.[15]  Hairston does not provide any argument or evidence to refute this ground for dismissal.  Accordingly, the Court **DISMISSES** Hairston's bad-faith claim.

### IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** AmGuard's motion for summary judgment. (Doc. 17).  The Court **DISMISSES WITH PREJUDICE** Hairston's bad-faith claim.

**IT IS SO ORDERED** this 11th day of February, 2026.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[13] *Weiser-Brown Operating Co. v. St. Paul Surplus Lines Ins.*, 801 F.3d 512, 526 (5th Cir. 2015) (cleaned up).

[14] *Higginbotham v. State Farm Mut. Auto. Ins*, 103 F.3d 456, 459 (5th Cir. 1997) (cleaned up).

[15] Doc. 17-1 at 105.